UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERRY O'SHEA, on behalf of himself and all others similarly situated, ) ) ) | Civil No. 14cv894 L (RBB) |
| Plaintiff, ) ) | **ORDER DENYING MOTION TO DISMISS COMPLAINT [ECF No. 14]** |
| v. ) ) | |
| AMERICAN SOLAR SOLUTION, INC., ) ) | |
| Defendant. ) ) | |

Defendant Green Solar Technoloigies, Inc., fka American Solar Solution, Inc., moves to dismiss the complaint for lack of venue under Federal Rule of Civil Procedure 12(b)(3). Plaintiff Kerry O'Shea opposes the motion. Defendant has not filed a reply memorandum. The Court considers this motion on the papers submitted and without oral argument.

**I.     FACTUAL BACKGROUND**

In his complaint, plaintiff alleges that defendant directed mass transmission of unsolicited phone calls to cell phones nationwide in order to promote its business. The phone calls were made, according to plaintiff, in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227 *et seq.*

Plaintiff contends that from December 2013, through the present, he received unsolicited autodialed phone calls on his wireless phone from defendant. Although instructing the defendant to stop calling to place him on the company's internal "Do Not Call List," and advising

defendant that his cellular phone number was on the Federal Do Not Call Registry, plaintiff continued to receive unsolicited phone calls. As a result, plaintiff, and a purported class, filed the action in this district. As noted above, defendant moves to dismiss the complaint for improper venue.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(3) allows a defendant to move to dismiss an action for improper venue. On a Rule 12(b)(3) motion, "the pleadings need not be accepted as true, and the court may consider facts outside of the pleadings," but the court must draw all reasonable inferences and resolve all factual conflicts in favor of the non-moving party. *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004).

Under 28 U.S.C. § 1391(b),

> "[a] civil action may be brought in-
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's persona jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

"For all venue purposes . . . an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question...." 28 U.S.C. § 1391(c)(2). "Plaintiff has the burden of showing that venue was properly laid in [the district in which the plaintiff filed]." *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir.1979).

## III.    DISCUSSION

As defendant correctly notes, once a motion to dismiss based on improper venue is filed, it is the plaintiff's burden to establish that venue is proper in the district in which it was filed. In

support of its motion, defendant contends that American Solar does not maintain a permanent office in the County of San Diego and further states Green Solar Technologies, Inc., is located in Los Angeles County. Defendant also asserts that it is not a resident of San Diego County because it does not maintain an office in San Diego and does not conduct telemarketing business in San Diego County.

Plaintiff argues and provides evidence that defendant has an office in San Diego and thereby resides in the district; operates a highly interactive website that specifically targets San Diego residents; and conducts substantial business in San Diego. Additionally, plaintiff contends a substantial part of the events giving rise to the claim occurred in this district which makes venue proper here. Finally, plaintiff asserts with significant evidence that defendant has substantial or continuous and systematic contacts with the forum state thus subjecting defendant to the court's general personal jurisdiction. *See* 28 U.S.C. 1391(b)(3) (providing for venue in "any judicial district in which any defendant is subject to the court's personal jurisdiction ...").

Although permitted to file a reply to plaintiff's opposition, defendant has not done so and the time to do so has lapsed. Failure to file a reply may be construed as a waiver under the Civil Local Rules. Even if the Court does not consider defendant's lack of a reply a waiver, the evidence submitted by plaintiff is uncontroverted. As a result, plaintiff has met its burden of demonstrating that the court has personal jurisdiction over defendant. Thus, venue is appropriately laid in this district.

Accordingly, defendant's motion to dismiss for lack of venue is **DENIED**. Defendant shall answer the complaint on or before March 12, 2015.

**IT IS SO ORDERED**.

DATED: February 26, 2015

M. James Lorenz
United States District Court Judge

COPY TO:

HON. RUBEN B. BROOKS
UNITED STATES MAGISTRATE JUDGE
ALL PARTIES/COUNSEL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28