UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERRY O'SHEA,<br><br>                                  Plaintiff,<br><br>v.<br><br>AMERICAN SOLAR SOLUTION, INC.,<br><br>                                  Defendant. | Case No.: 3:14-cv-00894-L-RBB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION [Doc. 69] FOR CLASS CERTIFICATION** |

Pending before the Court is Plaintiff Kerry O'Shea's ("Plaintiff") Motion for Class Certification.  The Court decides the matters on the papers submitted and without oral argument.  See Civ. L. R. 7.1(d)(1).  For the reasons stated below, the Court **GRANTS** Plaintiff's Motion.

//
//
//
//
//
//
//
//

## I. FACTUAL BACKGROUND

This is a putative class action alleging Defendant American Solar Solution, Inc. ("Defendant") violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by using an automatic telephone dialer to place telemarketing calls to cell phones. Defendant is in the business of selling solar energy equipment to residential and commercial customers. To market its products and services, Defendant used a ViciDial predictive dialer to contact phone numbers uploaded into the dialer. Defendant purchased these telephone numbers from several different companies ("List Providers") that sell lists of phone numbers that connect to members of a population meeting certain demographic criteria. From November 22, 2012 to August 22, 2015, Defendant made 897,534 such calls to 220,007 different cell phone numbers. (Hansen Decl. [Doc. 69-27] ¶ 16.)

Named Plaintiff Kerry O'Shea received fifteen telemarketing calls from Defendant. Defendant placed these calls to Plaintiff's cell phone. There is no record of Plaintiff providing express consent, written or otherwise, to receive these calls. Accordingly, Plaintiff filed this putative class action alleging Defendant's conduct violated the TCPA. Plaintiff now moves for class certification, defining the class as "[a]ll individuals in the United States who were called by or on behalf of [Defendant]; using the ViciDial predictive dialers; on a cellular telephone number, between November 22, 2012 and August 22, 2015." (Mot. [Doc. 69] 7:11–14.) Defendant opposes. (See Opp'n [Doc. 70].)

//
//
//
//
//
//
//

## II. CLASS CERTIFICATION

"The class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2550 (2011). "A party seeking class certification must satisfy the requirements of Federal Rule of Civil Procedure 23(a) and the requirements of at least one of the categories under Rule 23(b)." *Wang v. Chinese Daily News, Inc.*, 709 F.3d 829, 832 (9th Cir. 2013).

### A. Rule 23(a)

Rule 23(a) ensures that the named plaintiff is an appropriate representative of the class whose claims he or she wishes to litigate. "The Rule's four requirements – numerosity, commonality, typicality, and adequate representation – effectively limit the class claims to those fairly encompassed by the named plaintiff's claims." *Dukes*, 131 S. Ct. at 2550–51 (internal quotation marks and citations omitted).

#### 1. Numerosity

The numerosity element is met if "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Here, Defendant does not dispute the plain fact that it would be impracticable to individually join all holders of the 220,007 different cell phones Defendant purportedly dialed. The numerosity element is satisfied.

#### 2. Commonality

Under Rule 23(a)(2), Plaintiffs must demonstrate that there are "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). The Supreme Court has held that plaintiffs must demonstrate "the capacity of a classwide proceeding to generate common answers" to common questions of law or fact that are "apt to drive the resolution of the litigation." *Dukes,* 131 S. Ct. at 2551 (internal quotations marks omitted). However, "[a]ll questions of fact and law need not be common to satisfy this rule." *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1019 (9th Cir. 1998). "The common contention ... must be of such a nature that ... its truth or falsity will resolve an issue that is central to the validity of

each one of the claims in one stroke." *Id.* "The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Id.* A single common question is sufficient to satisfy the commonality element. *Dukes*, 131 S. Ct. at 2556.

Plaintiff argues that the issue of whether the ViciDial predictive dialers is an "automatic telephone dialing system" ("ATDS") is sufficient to satisfy commonality. Plaintiff is correct. That Defendant used an ATDS is an essential element of Plaintiff's TCPA claim. *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012) (Citing 47 U.S.C. § 227(b)(1)). Defendant used the same ViciDial predictive dialing technology to place all calls during the class period. (RFA [Doc. 69-24] 17.) Thus, if the ViciDial predictive dialer is not an ATDS, all class members' claims would fail. This issue is therefore common to all putative class members, and its resolution is central to the validity of each of their claims. Accordingly, the Court finds that the element of commonality is met.[1]

### 3.  Typicality

The typicality requirement of Rule 23(a)(3) focuses on the relationship of facts and issues between the class and its representatives.

> The commonality and typicality requirements of Rule 23(a) tend to merge. Both serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence."

---

[1] The parties argue over whether purportedly individualized issues regarding consent and damages destroy commonality. This argument is misplaced under the commonality heading because this analysis inquires only into whether there is **a** common issue of fact or law. It does not inquire into whether common issues are of lesser significance / magnitude than individualized issues. Accordingly, the Court will consider the issues of consent and damages under the "predominance" prong of the Fed. R. Civ. P. 23(b)(3) analysis.

*Dukes*, 131 S. Ct. at 2551 n.5 (internal quotation marks and citation omitted). "[R]epresentative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon v. Chrysler Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation and internal quotation marks omitted). "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation and internal quotation marks omitted).

Here, Plaintiff Kerry O'Shea is typical of the class he seeks to represent. There is nothing unique about Plaintiff. He suffered the same injury from the same course of conduct as did unnamed members. To wit, like the unnamed members, he experienced the nuisance of receiving Defendant's telemarketing, autodialed cold calls on his cell phone. Plaintiff meets the criteria of Rule 23(a)(3)

### 4. Adequacy

To serve as class representative, one must one must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This requirement is aimed at protecting the due process rights of absent members who will be bound by a class action judgment. *Hanlon,* 150 F.3d at 120; *Richards v. Jefferson Cnty.*, Ala., 517 U.S. 793, 801 (1996). "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon,* 150 F.3d at 120 (citation omitted).

Defendant makes no arguments as to Kerry O'Shea's or his counsel's ability to adequately serve the interests of the class. Further, nothing on the record suggests Kerry O'Shea or his counsel have any interests that are at odds with those of the other class members. Rather, it would seem that O'Shea and the class as a whole have a shared

interest in avoiding further cold calls from defendant and obtaining compensation for the calls they have received.  Additionally, O'Shea's counsel has represented him since the commencement of this litigation and they have demonstrated their experience and competence in class action litigation and TCPA cases.  (See Marron Decl. [Doc. 69-2].)  The requirements of Rules 23(a)(4) and 23(g) are fulfilled.

### B.  Rule 23(b)(3)

Plaintiff seeks class certification under Rule 23(b)(3).  Where, as here, the requirements of Rule 23(a) are met, class certification is proper under Rule 23(b)(3) if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3); *Wang,* 709 F.3d at 832.

The predominance requirement aims at ensuring class treatment is an economically efficient manner of dispute resolution.  *See Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 944 (9th Cir. 2009); Adv. Comm. Note to Rule 23(b)(3) (1966).  Considering whether "questions of law or fact common to class members predominate" begins … with the elements of the underlying cause of action.  *Erica P. John Fund, Inc. v. Haliburton Co.*, 563 U.S. 804, 809 (2011).  The TCPA is the underlying statute here.  To sustain a TCPA claim, a plaintiff must show that (1) defendant called their cell phone; (2) using an ATDS; (3) without their prior express consent.  *Meyer,* 707 F.3d at 1043 (citing 47 U.S.C. § 227(b)(1).)  Each violation triggers a discrete statutory fine.  47 U.S.C. § 227(b)(3)(B).  Defendant contends that individualized issues regarding consent and damages preclude certification under Rule 23(b)(3).[2]

---

[2] Defendant also complains that some of the numbers may have been home phones at the time but have subsequently ported into cell phone numbers.  Though true, this complaint ignores Plaintiff's expert's declaration that he has already identified these ported numbers and excluded them from the population.  (See Hansen Decl. [Doc. 69-27] ¶¶ 14, 15.)

Defendant cites to *Chyba v. First Fin. Asset Mgmt, Inc.*, 2013 WL 6880237 (S.D. Cal. 2013) and *Danehy v. Time Warner Cable Enterprises*, 2015 WL 5534094 (E.D. N.C. 2015) for the proposition that it may have a "good faith" defense that could negate the consent element of some class members' claims. As noted in the order denying Defendant's Motion for Summary Judgment, the Court is not convinced that a defendant can escape TCPA liability by virtue of having an honest but mistaken belief that it had prior express consent to make the call. (Nov. 7, 2016 Order [Doc. 82]. 4:10–18.)

That said, even if there was such a good faith defense, Defendant has not advanced any allegations or evidence suggesting it acted in good faith. The gist of Defendant's arguments is that, because its contracts with the List Providers allegedly called for home phone numbers only, Defendant had a good faith belief that the cell phone users it dialed consented to the calls. This argument is a classic non sequitur: from the premise that a dialed number is connected to a home phone, it simply does not follow that the user of the phone consented to the call.

Next, Defendant argues consent presents an individualized issue in that some members of the class consented to the calls by ultimately purchasing the product defendant was telemarketing. This argument ignores the plain text of the TCPA. Even if a plaintiff can be said to have consented to a telemarketing call by purchasing the product, such consent would necessarily come *subsequent* to the call. Subsequent consent, by definition, is not "*prior* express consent."

Finally, Defendant requests that the Court stay a ruling on the present motion until Defendant has had time to conduct further discovery to determine whether any class members may have provided consent to the List Providers or some other third party. This request is denied. Plaintiff filed his complaint more than two years ago. Defendant does not provide any explanation as to why this expansive amount of time is insufficient for it to conduct this type of discovery. Furthermore, the fact that Defendant has failed to locate a single record of prior express consent despite having more than two years' time

1  to do so strongly suggests the issue of consent will not be an individualized issue that the
2  Court cannot efficiently address on a class wide basis. *See Meyer*, 707 F.3d at 1042.

3        The Court also finds unpersuasive Defendant's argument that issues of individual
4  damages render this action unqualified for class treatment. Damages calculations alone
5  cannot defeat a motion for class certification. *Leyva v. Medline Indus. Inc.*, 716 F.3d 510,
6  513 (9th Cir. 2013) (internal citation omitted). Further, the Advisory Committee Notes to
7  Rule 23(b)(3) provide an example of how individualized damages issues can exist and
8  not defeat predominance. They state "a fraud perpetrated on numerous persons by the
9  use of similar misrepresentations may be an appealing situation for a class action, and it
10 may remain so despite the need, if liability is found, for separate determination of the
11 damages suffered by individuals within the class." Adv. Comm. Note (1966). This
12 reasoning seems highly applicable here, especially considering that damages are set by
13 statute and therefore less likely to involve intensive fact finding. Defendant's outbound
14 call list, it seems, will allow the parties to identify with precision each cell phone number
15 that was dialed and how many times it was dialed. (Hansen Decl. ¶ 15.) This
16 information, combined with the TCPA's statutorily defined damages scheme, suggest that
17 damage calculations for each member could be a non-labor intensive process of simple
18 multiplication.

19       Thus, notwithstanding Defendant's arguments to the contrary, the Court finds that
20 the issue of consent and damages do not present any substantial issues of an individual
21 nature. Nor are there any other individualized questions that counsel against class
22 certification. By contrast, the common issues of whether the ViciDial predictive dialer is
23 an ATDS and whether it was used to dial all the class members are substantial.
24 Accordingly, the Court finds that common issues predominate.

25       However, it is not enough that common issues predominate. A class action must
26 also be the superior dispute resolution mechanism. Fed. R. Civ. P. 23(b)(3). A class
27 action is generally superior if it will greatly reduce litigation costs. *See Valentino v.*
28 *Carter-Wallace, Inc.*, 97 F.3d 1227, 1234–35 (9th Cir. 1996). Here, there can be no

question that class action treatment will greatly reduce litigation costs.  By allowing class treatment, class members avoid the need to pay individual filing fees.  Defendant allegedly dialed 220,007 different cell phone numbers.  It would likely cost many millions of dollars in individual filing fees alone if this action is not certified for class treatment, not to mention the costs of individualized discovery and retaining legal and expert assistance.  Further, litigating all of the class members' claims on an individual basis would take a substantially greater toll on limited judicial resources than would class action treatment.  *See Wolin v. Jaguar Land Rover North America, LLC.*, 617 F.3d 1168, 1175–76 (9th Cir. 2010) (judicial economy is a consideration relevant to the superiority analysis).  Accordingly, the Court finds that a class action is the superior vehicle to resolve this dispute and therefore **GRANTS** Plaintiff's motion to certify the class under Fed. R. Civ. P. (b)(3).

### III. CONCLUSION AND ORDER

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion as follows:

- The following class is certified under Fed. R. Civ. P. 23(b)(3):
    - All individuals in the United States who were called by or on behalf of Defendant; using the ViciDial predictive dialers; on a cellular telephone number, between November 22, 2012 and August 22, 2015.
- Plaintiff Kerry O'Shea is appointed as class representative and his attorneys Ronald Marron, Alexis M. Wood, and Kas L. Gallucci are appointed as class counsel.

IT IS SO ORDERED

Dated:  March 2, 2017

_____
Hon. M. James Lorenz
United States District Judge