UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERRY O'SHEA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>AMERICAN SOLAR SOLUTION, INC.,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:14-cv-00894-L-RBB<br><br>**ORDER DENYING DEFENDANT'S MOTION [Doc. 95] TO DISMISS** |

Pending before the Court is Defendant American Solar Solution, Inc.'s motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). The Court decides the matter on the papers submitted and without oral argument. See Civ. L. R. 7.1(d)(1). For the reasons stated below, the Court **DENIES** Defendant's motion.

//
//
//
//
//
//
//
//

1

## I. BACKGROUND

This is a class action alleging Defendant American Solar Solution, Inc. ("Defendant") violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, by using an automatic telephone dialer system ("ATDS") to place telemarketing calls to cell phones. Defendant is in the business of selling solar energy equipment to residential and commercial customers. To market its products and services, Defendant used a ViciDial predictive dialer to contact phone numbers uploaded into the dialer. Defendant purchased these telephone numbers from several different companies that sell lists of phone numbers that connect to members of a population meeting certain demographic criteria. From November 22, 2012 to August 22, 2015, Defendant made 897,534 such calls to 220,007 different cell phone numbers. (Hansen Decl. [Doc. 69-27] ¶ 16.)

Defendant placed fifteen calls to named Plaintiff Kerry O'Shea's ("Plaintiff") cell phone. Nine of these phone calls were for zero seconds, three were for one second, one was for twenty-five seconds, one was for thirty-seven seconds, and one lasted for almost five minutes. (Doc. 95-4, 3:16–4:6). There is no record of Plaintiff providing express consent, written or otherwise, to receive these calls. Accordingly, Plaintiff filed this class action[1] alleging Defendant's conduct violated the TCPA. Defendant now moves for an order of dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1). (See MTD [Doc. 95].) Plaintiff opposes. (See Opp'n [Doc. 96].)

//
//
//
//
//

---

[1] This case has received class certification. (March 2, 2017 Order [Doc. 88].)

## II. LEGAL STANDARD

Rule 12(b)(1) provides that a court may dismiss a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Although the defendant is the moving party on a motion to dismiss, the plaintiff is the party invoking the court's jurisdiction. Therefore, the plaintiff bears the burden of proof on the necessary jurisdictional facts. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001). To meet this burden and survive a motion to dismiss under Rule 12(b)(1), a plaintiff need only show that its claim is not "so unsubstantial, implausible, foreclosed by prior decisions of [the Supreme Court], or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court, whatever may be the ultimate resolution of the federal issues on the merits." *Oneida Indian Nation of N.Y. State v. Oneida County, New York*, 414 U.S. 661, 666-67 (1974) (internal citations omitted).

Subject matter jurisdiction cannot be waived, and the court must dismiss an action whenever it determines that the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see also Hansen v. Dep't of Treasury*, 528 F.3d 597, 600 (9th Cir. 2007). In ruling on a challenge to subject matter jurisdiction, the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary. *See Thornhill Pub. Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

## III. DISCUSSION

Defendant moves to dismiss for lack of standing. The doctrine of standing is rooted in the "cases or controversies" requirement of Article III § 2, Cl. 1 of the U.S. Constitution. To establish standing, a plaintiff must demonstrate (1) an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 560, 560–561 (1992). Defendant's motion focuses solely on the first element: injury in fact.

To qualify as an injury in fact, an injury must be "concrete". *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016).[2] To qualify as concrete, an injury need not be tangible. *Id.* at 1549. Intangible injuries qualify as "concrete" so long as they are real and not abstract. *Id.* Put differently, a concrete injury, whether tangible or intangible, is simply an injury that actually exists. *Id.* Congress's judgment is instructive and important in analyzing whether an intangible harm is concrete. *Id.* That said, Congress cannot confer standing by statute to a plaintiff who has suffered no concrete harm. *Id.* Thus, a bare procedural violation of a statute is, without more, not enough to establish standing. *Id.*

A number of recent non-binding decisions have analyzed the concrete injury issue in the TCPA context. *See Lemieux v. Lender Processing Ctr.*, No. 16-cv-1850-BAS-DHB, 2017 WL 1166430, at *3 (S.D. Cal., 2017) (collecting cases). Defendant relies heavily on *Romero v. Dep't Stores Nat'l Bank*, 199 F. Supp. 3d 1256 (S.D. Cal. 2016). In *Romero*, the court held that the plaintiff lacked standing where defendants called the plaintiff's cell phone over 290 times using an ATDS. *Romero*, 199 F. Supp. 3d at 1260. Although the plaintiff alleged injuries of "lost time, aggravation, and distress," which she claimed were "the exact harm[s] that Congress wanted to eliminate with the TCPA," the court found that none of the calls caused a concrete injury. *Id.* at 1261–63.

In reaching this conclusion, the *Romero* court considered three categories of phone calls. *Romero*, 199 F. Supp. 3d at 1261. First, scrutinizing missed calls that the plaintiff did not hear ring, the court held that the defendants' use of an ATDS was a "mere procedural violation" and reasoned that the plaintiff could not have been injured by calls of which she was unaware at the time they were made. *Id.* at 1263. Second, examining calls the plaintiff heard ring but did not answer, the court "[v]iew[ed] each call in isolation," asserting that "no reasonable juror could find that one unanswered phone call

---

[2] It must also be "particularized". *Id.* However, that Plaintiff's injuries were particularized is not in dispute and therefore the court need not undertake this analysis.

could cause lost time, aggravation, and distress, or any injury sufficient to establish standing." *Id*. Third, addressing calls that the plaintiff answered and then spoke with defendants' agents, the court found that because she did not present evidence that the defendants' use of an ATDS "caused her greater lost time, aggravation, and distress than she would have suffered had the calls…been dialed manually," the plaintiff did not suffer an injury in fact. *Id*.

This Court is not bound by *Romero* and, like a majority of district court cases[3] to consider the issue, disagrees with the reasoning in that decision. As the Supreme Court stated in *Spokeo*, the judgment of Congress on what harms constitute legally cognizable injuries merits great consideration. *Spokeo,* 136 S. Ct. at 1549. In enacting the TCPA, Congress noted that "[b]anning such automated or prerecorded telephone calls …is the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. 102–243, § 2, 105 Stat. 2394 (1991) (found as a note to 47 U.S.C. § 227). This indicates Congressional intent was to shield the public from the harms associated with calls made by an ATDS. The holding in *Romero* would seem to thwart this purpose by eliminating TCPA recovery for all but the most egregious of violations. Thus, even though the facts of this case are highly analogous to those of *Romero*, the Court finds Plaintiff has adequately demonstrated a concrete injury.

Specifically, Plaintiff has shown that Defendant called him fifteen times. (Doc. 95-4.) One call lasted almost five minutes; two calls lasted about thirty seconds; three calls lasted one second; and nine calls lasted zero seconds, indicating no answer. (Id.) During the five minute call, Plaintiff stayed on the line talking to a phone operator in the hopes of convincing Defendant to stop calling him. (Doc. 95-6, 21–22.) That this five minute effort to end Defendant's harassment caused Plaintiff inconvenience and annoyance sufficient to constitute a concrete injury is beyond reasonable dispute.

---

[3] *See Lemieux v. Lender Processing Ctr.*, No. 16-cv-1850-BAS-DHB, 2017 WL 1166430, at *3 (S.D. Cal., 2017) (collecting cases).

Defendant does not appear to argue with this fact. Rather, Defendant contends that, like the Plaintiff in *Romero*, Plaintiff here has not established standing because he has not proven that Defendant's use of an ATDS resulted in *more harm* than would have occurred if Defendant manually dialed Plaintiff. This argument misses the mark. The proper inquiry is whether Plaintiff suffered *any concrete harm*, not whether he suffered greater harm as a result of Defendant's decision to use an ATDS rather than manually dialing.

As to the other calls, the Court finds it proper to consider them in the aggregate rather than analyzing each individual call in isolation and asking whether, standing alone, a call could constitute a concrete injury. *See Juarez v. Citibank, N.A.*, 2016 WL 4547914 *3 (N.D. Cal. 2016); *Contra Romero*, 199 F. Supp. 3d at 1263. In *Juarez*, the court found a concrete injury where defendants used an ATDS to call the plaintiff forty-two times over twelve days. Juarez, 2016 WL 4547914, *1 (N.D. Cal. Sept. 1). The plaintiff did not consent to the calls and requested that they stop calling, to no avail. *Id*. at *3. Defendant's unwanted calls, the court found, wasted the plaintiff's "time and energy" and were an "aggravation, nuisance, and invasion of privacy" sufficient to constitute standing under *Spokeo*. *Id.*

This case is on all fours with *Juarez*. Like in *Juarez*, Plaintiff here received repeated telemarketing calls from Defendant despite his repeated requests to be left alone. Each individual call, regardless of whether Plaintiff heard the phone ring or answered it, surely contributed to the unpleasantness of the experience by either disturbing Plaintiff's peace (whether he answered the phone or simply heard it ring), draining his cell phone battery, clogging up the line, or creating a missed call history informing him that the harassment continues despite his requests that it end. Accordingly, the Court finds Plaintiff has adequately demonstrated that Defendant's repeated calls caused him concrete injury sufficient to confer standing.

//

//

## IV. CONCLUSION AND ORDER

For the foregoing reasons, the Court **DENIES** Defendant's motion to dismiss.

**IT IS SO ORDERED.**

Dated: June 27, 2017

*[signature]*
Hon. M. James Lorenz
United States District Judge