UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERRY O'SHEA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>AMERICAN SOLAR SOLUTION, INC.,<br><br>　　　　　　　　　　　Defendant. | Case No.: 3:14-cv-00894-L-RBB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

Pending before the Court is Plaintiff Kerry O'Shea's ("Plaintiff") motion for summary judgment. (MSJ [Doc. 119].) Pursuant to Civil Local Rule 7.1(d)(1), the Court decides the matter on the papers submitted and without oral argument. For the reasons stated below, the Court **DENIES** Plaintiff's motion.

//
//
//
//
//
//
//
//

1

## I. BACKGROUND

This case is a class action alleging Defendant American Solar Solution, Inc. ("Defendant") violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, by using an automatic telephone dialer system ("ATDS") to place telemarketing calls to cell phones. Defendant is in the business of selling solar energy equipment to residential and commercial customers. To market its products and services, Defendant used a ViciDial predictive dialer to contact phone numbers uploaded into the dialer. Defendant purchased these telephone numbers from several different companies that sell lists of phone numbers that connect to members of a population meeting certain demographic criteria. Per Plaintiff's expert's report, Defendant made 897,534 calls to 220,007 different cell phone numbers. Defendant has no evidence indicating any of the alleged call recipients provided prior express consent to receive these calls.

Defendant placed fifteen calls to named Plaintiff Kerry O'Shea's ("Plaintiff") cell phone. Accordingly, Plaintiff filed a class action complaint alleging Defendant's conduct violated the TCPA. Plaintiff successfully moved for class certification and now moves for summary judgment awarding the class damages in the amount of $1,500 or, in the alternative, $500 per call. (Class Cert. Grant [Doc. 88]; MSJ [Doc. 116].) Defendant opposes. (Opp'n [Doc. 129].)

## II. LEGAL STANDARD

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The party seeking summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Where, as here, "the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if

the evidence went uncontroverted at trial." *See C.A.R. Transp. Brokerage Co., Inc. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

If the moving party fails to discharge its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970). If the moving party meets the initial burden, the nonmoving party cannot defeat summary judgment merely by demonstrating "that there is some metaphysical doubt as to the material facts." *Matsushita Elect. Indus. Co., Ltd. v Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, the nonmoving party must "go beyond the pleadings" and by "the depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).

### III. DISCUSSION

To prevail on a TCPA claim, a plaintiff must prove that the defendant used an automated telephone dialing system ("ATDS") to call a cell phone for purposes of communicating an advertisement. 47 U.S.C. § 227 (b)(1)(A)(iii). However, it is a defense if a defendant proves it had prior express present to make such a call. *Van Patten v. Vertical Fitness Grp. LLC*, 847 F.3d 1037, 1044 (9th Cir. 2017). Here, there appears to be no dispute as to the facts that (1) Defendant used an ATDS to place telemarketing calls to cell phones and (2) Defendant has no evidence tending to suggest it had prior express consent to make said calls. Rather, the issue is damages.

Each discrete TCPA violation triggers a minimum $500 statutory fine. 47 U.S.C. § 227(b)(3)(B). If the facts show that a violation was willful or knowing, the Court has discretion to increase the fine up to $1500. 47 U.S.C. § 227(b)(3)(C). Plaintiff contends that Defendant knowingly and / or willfully made 897,304 calls. Defendant contends that it did not place any calls knowingly or willfully. Defendant also contends that there is a triable issue of fact as to exactly how many calls it placed in violation of the TCPA.

Plaintiff presents two arguments to the effect that it has carried its burden of demonstrating Defendant made 897,304 calls. First, Plaintiff argues that Defendant admitted as much by way of a joint stipulation of fact. Specifically, the parties' jointly stipulated that "Plaintiff's expert, Jeffrey A. Hansen ("Hansen"), has identified 897,304 total calls to 220,007 unique cell phones during the time period from November 22, 2012 through August 22, 2015." (Joint Stipulation [Doc. 116-4] 38.) This argument is unpersuasive. From the fact that Defendant stipulated that Plaintiff's expert in fact reached a certain conclusion, it does not follow that Defendant stipulated to the accuracy of that conclusion.

Next, Plaintiff argues that it is entitled to summary judgment because no reasonable jury could doubt the accuracy of its expert's report. In his report, Hansen contends that he received Defendant's outbound dial list and imported it into a database. (Hansen Report ¶ 50.) Hansen then scrubbed this list against two telephone number databases that the telecommunications industry uses to distinguish cell phone numbers from landline numbers. (Id. ¶ 44.) Next, Hansen used these databases to identify which landline numbers had been ported into cell phone numbers and vice versa. (Id. ¶ 44, 51.) This scrubbing process led Hansen to conclude that Defendant placed 897,534 calls to 220,007 different cellphones during the relevant time period. (Id. ¶ 52.)

Having reviewed Hansen's Report, the Court agrees that it appears to be methodologically sound and rather persuasive. It seems that a reasonable jury could find the Report to be accurate. That said, the Court cannot hold as a matter of law that a reasonable jury could not conclude otherwise. It is feasible that, after cross examination, a jury could find Hansen's conclusions are flawed for any number of reasons, such as improper reliance on these specific databases and programs or potential errors in data entry. Because there is a fact issue as to the accuracy of Hansen's Report, the Court **DENIES** Plaintiff's motion for summary judgment.

//
//

## IV. CONCLUSION & ORDER

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for summary judgment. The Court further orders as follows:

- The parties shall attend the settlement conference before the Honorable Ruben B. Brooks scheduled for June 6, 2018. (Doc. 137.)
- If the case remains unsettled following the settlement conference, the parties shall initiate a conference call with the undersigned's law clerk on June 7, 2018 at 1:00 PM to discuss a trial start date. Following said conference call, the Court will issue a trial scheduling order.

**IT IS SO ORDERED.**

Dated: May 21, 2018

_____
Hon. M. James Lorenz
United States District Judge