UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERRY O'SHEA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>AMERICAN SOLAR SOLUTION, INC.,<br><br>　　　　　　　　　　　Defendant. | Case No.: 3:14-cv-00894-L-RBB<br><br>**ORDER DENYING DEFENDANT'S EX PARTE MOTION FOR LEAVE TO FILE A SECOND MOTION FOR SUMMARY JUDGMENT** |

Pending before the Court is Defendant American Solar Solution, Inc.'s ("Defendant") *ex parte* motion for leave to file a second motion for summary judgment. (Mot. [Doc. 140].) Pursuant to Civil Local Rule 7.1(d)(1), the Court decides the matter on the papers submitted and without oral argument. For the reasons stated below, the Court **DENIES** Defendant's motion.

//
//
//
//
//
//
//

1

# I. BACKGROUND

This case is a class action alleging Defendant American Solar Solution, Inc. ("Defendant") violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, by using an automatic telephone dialing system ("ATDS") to place telemarketing calls to cell phones. Defendant is in the business of selling solar energy equipment to residential and commercial customers. To market its products and services, Defendant used a ViciDial predictive dialer to contact phone numbers uploaded into the dialer. Defendant purchased these telephone numbers from several different companies that sell lists of phone numbers that connect to members of a population meeting certain demographic criteria. Per Plaintiff's expert's report, Defendant made 897,534 calls to 220,007 different cell phone numbers. Defendant has no evidence indicating any of the alleged call recipients provided prior express consent to receive these calls.

Defendant placed fifteen calls to named Plaintiff Kerry O'Shea's ("Plaintiff") cell phone. Accordingly, Plaintiff filed a class action complaint alleging Defendant's conduct violated the TCPA. Since filing, Plaintiff has survived a motion for summary judgment, two motions to dismiss, and achieved class certification. The discovery and motion filing cutoff dates have both passed. During discovery, Defendant repeatedly stipulated to the fact that the ViciDial predictive dialer it used to place the calls at issue was an ATDS for purposes of the TCPA. (See Marron Decl. [Doc. 143-1].) In the jointly proposed pretrial order submitted to the Court on October 9, 2017, Defendant stipulated that "it used ViciDialer predictive dialers which are known [ATDSs] to place the calls to Plaintiff and members of the Class between November 22, 2012 and August 22, 2015." Defendant now seeks leave to file a second motion for summary judgment arguing that the ViciDialer predictive dialer is not an ATDS. Plaintiff opposes.

//
//
//
//

## II. DISCUSSION

Use of an ATDS is an essential element of a TCPA claim. 47 U.S.C. § 227 (b)(1)(A)(iii). Defendant contends that *ACA Int'l v. Federal Communications Commission*, 885 F.3d 687 (D.C. Cir. 2018) changed the definition of an ATDS such that Defendant's ViciDial predictive dialer no longer triggers it.

The TCPA broadly defines an ATDS as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227 (1). Congress charged the Federal Communications Commission ("FCC") with implementation of the TCPA and, to this end, gave it rulemaking authority. 47 U.S.C. § 227(b)(2). Pursuant to this authority, the FCC has issued a number of orders clarifying what type of equipment qualifies as an ATDS.

Germane to the present motion are two positions taken by the FCC. The first position is that a predictive dialer is an ATDS. *In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, 14093 (2003) ("2003 FCC Order"); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd. 559, 566 (2008) ("2008 FCC Order"). A predictive dialer is "an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that 'predicts' the time when a consumer will answer the phone and a telemarketer will be available to take the call." *In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. at 14143 n. 31. In its 2003 Order, the FCC made clear that "while some predictive dialers cannot be programmed to generate random or sequential phone numbers, they still satisfy the statutory definition of an ATDS. *ACA*, 885 F.3d at 702 (citing the 2003 FCC Order).

In 2015, the FCC took a position on the meaning of the word "capacity" as used in the TCPA. I*n the Matter of Rules and Regulations Implementing the Telephone Consumer Act of 1991*, 30 FCC Rcd. 7961 (2015) ("2015 Order"). Specifically, the FCC

held that equipment need not have the present capacity to function as an autodialer to trigger the TCPA. Id. at 7974. Rather, it was sufficient if equipment had the potential capacity to be configured with autodialing functions. *Id.* The DC Circuit Court of Appeals invalidated this specific provision of the FCC's 2015 Order, reasoning it was impermissibly expansive inasmuch as it would sweep even smart phones under the definition of an ATDS. *ACA*, 885 F.3d at 700.

The *ACA* decision is unhelpful to Defendant because Plaintiff is not arguing that the ViciDial predictive dialer is an ATDS because it *could be* configured with autodialing functions. Rather, Plaintiff has submitted undisputed evidence establishing that the ViciDial predictive dialer *was* in fact presently configured as a predictive dialer. (Hansen Decl. [Doc. 116-7] ¶ 24.) The *ACA* decision left intact the holding of both the FCC's 2003 and 2008 Order that an autodialer is an ATDS. *Swaney v. Regions Bank*, 2018 WL 2316452 *1 (N.D. Ala. 2018); *Reyes v. BCA Fin. Servs.*, 2018 WL 2220417 (S.D. Fla. 2018). It follows that the ViciDial predictive dialer is an ATDS.

### III. CONCLUSION & ORDER

For the foregoing reasons, the Court **DENIES** Defendant's ex parte motion for leave to file a second motion for summary judgment. A scheduling order setting trial and related dates will issue shortly. In the meantime, the parties are ordered to contact the chambers of the Honorable Ruben B. Brooks no later than July 6, 2018 to arrange for an in person settlement conference.

**IT IS SO ORDERED.**

Dated: July 2, 2018

_____
Hon. M. James Lorenz
United States District Judge