UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERRY O'SHEA, on behalf of himself and all others similarly situated., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN SOLAR SOLUTION, INC. a California corporation, <br><br> Defendant. | Case No. 3:14-cv-00894-L-RBB <br><br> **ORDER:** <br><br> **(1) DENYING WITHOUT PREJUDICE JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT [Doc. 158]** <br><br> **(2) GRANTING PLAINTIFF'S MOTION TO WITHDRAW ATTORNEY [Doc. 159]** |

Pending before the Court in this class action alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* is the joint motion for preliminarily approval of class action settlement. The motion is denied without prejudice for the following reasons:

///

///

///

1. The representation in the motion and the proposed class notice that class members will receive $20 in damages is problematic. Twenty dollars ($20) is the maximum class member payment provided under the settlement agreement. The actual amount depends on the number of claims. However, based on the representations in Plaintiff's motion, the class members will not receive $20 unless the class participation rate is extremely low or the factual representations in support of the proposed settlement are inaccurate by a wide margin. Pursuant to the settlement agreement, Defendant is to set aside "a Settlement Fund for a total amount of $1,250,000 to pay Approved Claims[.]" Doc. 158-3 at 8. From that amount, a potential $170,000 is deducted attorney's fees an estimated $125,000 for notice and settlement administration costs, and $15,000 for requested class representative service compensation. After deductions, approximately $940,000 is available to pay the class members. Defendant estimates that 220,007 members belong to the class called by Defendant during the class period. If the estimate is accurate, and that every class member submits one Approved Claim for a cellphone call, each will receive $4.27. While the Court recognizes that it is very uncommon in consumer class actions for every class member to submit a claim, the class members could receive more of a benefit from proposed Settlement Fund even if the claim rate was low. "[I]t is not unusual for only 10 or 15% of the class members to bother filing claims." *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1131 (9th Cir. 2017) (internal quotation marks and citation omitted). Ten or 15% are "low participation rates." *Id.* If only 15% of the class submit Approved Claims as defined in the Settlement Agreement, their estimated recovery could exceed $20 while accounting for other costs. As such, the Court questions why class members would only be afforded a maximum benefit of $20 per Approved Claim per individual if the claims rate is less than three percent (3%). The joint motion does little to answer this question. A realistic estimate of individual class member recovery is relevant to the settlement fairness determination

under Federal Rule of Civil Procedure 23(e), *see In re Bluetooth Headset Prod. Liability Litig.*, 654 F.3d 935, 946 (9th Cir. 2011), and to the adequacy of the proposed notice to the class, *see In re Online DVD Rental Antitrust Litig.*, 779 F.3d 934, 946 (9th Cir. 2015). The estimate of class member recovery provided in the motion and proposed notice appears inaccurate on its face and lacks a plausible explanation.

2. The joint motion wholly fails to identify a *cy pres* recipient in lieu of direct distribution of damages to silent class members. Federal courts frequently apply the *cy press* doctrine to allow for an "aggregate calculation of damages, the use of summary claim procedures, and distribution of unclaimed to indirectly benefit the entire class." *Dennis v. Kellogg Co.*, 697 F.3d 858, 865 (9th Cir. 2012) (quoting *Six Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1305 (9th Cir. 1990)). A *cy pres* award must be "the next best distribution" to compensating the class members directly which ensures the settlement retains a logical connection to the plaintiff class and the underlying claims. *Six Mexican Workers*, 904 F.2d at 1308. A *cy pres* award must be "guided by (1) the objectives of the underlying statute(s) and (2) the interests of the silent class members, . . . and [(3)] must not benefit a group too remote from the plaintiff class." *Id.* at 1308-09 (internal citations and quotation marks omitted). Accordingly, to determine "whether the class settlement, take as a whole, is fair, reasonable, and adequate to all concerned," a court must determine "whether the distribution of the approved class settlement complies with [the Ninth Circuit's] standards governing *cy pres* awards." *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1040 (9th Cir. 2011). Without designation of a *cy pres* award recipient and explanation of the nexus to the plaintiff class, the Court cannot complete its analysis of the settlement. Therefore, the settlement agreement and joint motion must be amended consistent with this order.

3. The proposed class long-form notice must be amended to indicate, on Page One, the number of the question that explains the class members rights and

options in this settlement. For example, to understand the steps necessary to "Attend A Hearing[,]" the class must see question 22, so reference to the corresponding question should be mentioned in addition to the current explanation on Page One. Also, the Court notes that, in the "Am I included?" section on Page Two of the long-form notice, the parties should modify the language beginning, "If you any question about *which class* you are a member of," because the Court only certified one class in this case. The parties should also review the notices for typographical errors. Accordingly, the proposed notices must be amended consistent with this order.

4. Federal Rule of Civil Procedure 23(e)(5) provides that "[a]ny class member may object" to the proposed settlement. Although the parties may encourage class members to provide written objections by a date certain, the Court is not inclined to prohibit a class member from objecting, if he or she did not file written objections or did not do so in a timely manner. Accordingly, the proposed notice must be amended consistent with this order.

For the foregoing reasons, the parties' motion for preliminary approval of class action settlement [Doc. 158] is denied without prejudice to re-filing after curing the foregoing defects.

Plaintiff seeks leave for attorney Tania Babaie's ("Counsel") withdrawal from this litigation because she is no longer employed by the firm representing Plaintiff. Defendants have not opposed Plaintiff's request. Counsel has filed a proof of service declaring Defendant has been served in compliance with Civil Local Rule 83.3. For good cause shown, the Court **GRANTS** Plaintiff's motion [Doc. 159].

**IT IS SO ORDERED.**

Dated: June 12, 2019

Hon. M. James Lorenz
United States District Judge