**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
ALEXIS M. WOOD (SBN 270200)
*alexis@consumersadvocates.com*
KAS L. GALLUCCI (SBN 288709)
*kas@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665 900

*Class Counsel*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERRY O'SHEA, on behalf of himself and all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>AMERICAN SOLAR SOLUTION, INC., a California corporation,<br><br>*Defendant.* | CASE NO.: 14-CV-0894-L-RBB<br><br>CLASS ACTION<br><br>**JOINT MOTION TO SUBSTITUTE SHARLENE O'SHEA FOR HER LATE SPOUSE AND DECEASED CLASS REPRESENTATIVE KERRY O'SHEA** |

Sharlene O'Shea, wife and sole beneficiary of the deceased Kerry O'Shea (class representative) and Defendant American Solar Solution, Inc. ("American Solar") hereby file this Joint Motion to Substitute Sharlene O'Shea for her Late Spouse and Deceased Class Representative Kerry O'Shea.

## A. REQUESTED RELIEF

Kerry O'Shea was appointed class representative of this current litigation on March 2, 2017.  *See* Dkt. No. 88 at p. 9.  Mr. O'Shea passed away since this appointment and, in light of his death, Mr. O'Shea's wife, Sharlene O'Shea, the sole beneficiary of her late husband's estate, brings this motion pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure to substitute herself for her husband in this action.

## B. STATEMENT OF FACTS

This case involves Defendant's alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by using an automatic telephone dialer to place telemarketing calls to cell phones. Mr. O'Shea received fifteen telemarketing calls from Defendant who placed the calls to Mr. O'Shea's cell phone. There is no record of O'Shea providing express consent, written or otherwise, to receive these calls. Judge Lorenz granted class certification to the following class on March 2, 2017.

> All individuals in the United States who were called by or on behalf of Defendant; using the ViciDial predictive dialer; on a cellular telephone number, between November 22, 2012 and August 22, 2015.

Dkt. No. 88 at p. 9.

Mr. O'Shea passed away intestate on August 11, 2019, in Sausalito, California.  *See* Declaration of Sharlene O'Shea ("O'Shea Decl.") at ¶ 1.  *See also id*. at Ex. A (Certificate of Death for Kerry O'Shea (redacted)).  Mr. O'Shea and

Sharlene O'Shea have no children, thus all community property, including the property interest in his claims in this lawsuit which was initiated during his marriage, were left to his wife, Sharlene. *See* O'Shea Decl. at ¶ 3. Sharlene O'Shea wishes to continue Mr. O'Shea's claims against Defendant. *Id*. at ¶ 3. No formal notice of statement of death has been filed with the Court on behalf of Mr. O'Shea. As the holder of, and legal successor in interest to Mr. O'Shea surviving claims against Defendant, Sharlene O'Shea brings this motion to substitute herself for her husband.

**C. LEGAL AURHORITY FOR SUBSTITUTION**

**1. Rule 25(a)(1) Permits the Substitution of a Party upon Death**

Federal Rule of Civil Procedure 25 provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper part[ies]" so that the action may proceed against the proper successor in interest. Fed. R. Civ. P. 25(a)(1); *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). The substituted party then steps into the same position as the original party. *Hilao v. Estate of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996).

As the legal successor in interest to Mr. O'Shea, Sharlene O'Shea is the proper party to bring this motion. Moreover, substitution is proper here because, as demonstrated below, Kerry O'Shea's claims under the TCPA are not extinguished upon his death, but instead survive and vest in his spouse.

**2. Sharlene O'Shea is the Proper Party to be Substituted into the Case**

The proper party for substitution is the person who has the legal right and authority to carry on the claims brought by the deceased party. *See Totten v. Blair Excavators, Inc*., No. C-03-5030- VRW, 2006 WL 3391439, at *1 (N.D. Cal. Nov. 22, 2006). "'[D]ecedent's successor in interest' means the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action . . . that is the subject of a cause of action." C.C.P. §377.11. A declaration explaining

*O'Shea v. American Solar Solution, Inc.,* No. 14-cv-0894-L-RBB
JOINT MOTION TO SUBSTITUTE SHARLENE O'SHEA FOR HER LATE
SPOUSE AND DECEASED CLASS REPRESENTATIVE KERRY O'SHEA

that the successor in interest is the beneficiary of the decedent's estate and has the superior right to be substituted for the decedent is sufficient to establish that such person is the proper party to be substituted. *See Walton v. Channel Star Excursions, Inc.*, No. 2:05-cv-1737-MCE-PAN, 2007 WL 763299, at *5 (E.D. Cal. Mar. 9, 2007); *see also Willis v. Barnhart*, No. C 02-3670 JSW, 2005 WL 1082757, at *4 (N.D. Cal. May 9, 2005) (motion for substitution granted based on declaration explaining that will poured over decedent's property interest to a revocable trust, of which party to be substituted was the trustee).

Sharlene O'Shea, Mr. O'Shea's wife, has submitted a declaration in support of this motion showing that she has the legal and superior right to carry on husband's claims. *See* O'Shea Decl. Sharlene O'Shea has also submitted a copy of her husband's Certificate of Death, further evidencing their marriage and the fact of her husband's death. *See* O'Shea Decl., Ex. A. As the declaration demonstrates, Mr. O'Shea's died intestate in California. When a decedent dies intestate in California, the surviving spouse is entitled the community property belonging of the decedent and, depending on whether the decedent left any surviving issue, parents, a share of the decedent's separate property. *See* Prob. Code, § 6401. California classifies all settlements or awards from lawsuits as community property if the lawsuit was initiated during the marriage. Cal. Fam. Code § 780; *see also In re Marriage of Nassimi*, 3 Cal. App. 5th 667, 207 Cal. Rptr. 3d 764 (2016) as modified (Oct. 14, 2016) (All property acquired by a married person during the marriage while domiciled in California is community property, including the fruits of both spouses' expenditures of time, talent, and labor. Cal. Fam. Code § 760.).

Because Mr. O'Shea died without children, Sharlene O'Shea is the sole beneficiary of her husband's estate, she is the legal successor in interest to her husband's claims in this lawsuit, and therefore is the proper party to be substituted

*O'Shea v. American Solar Solution, Inc.*, No. 14-cv-0894-L-RBB
JOINT MOTION TO SUBSTITUTE SHARLENE O'SHEA FOR HER LATE SPOUSE AND DECEASED CLASS REPRESENTATIVE KERRY O'SHEA

in his place. No other person has the superior rights to carry on Mr. O'Shea's claims in this case.

### 3. Kerry O'Shea's Claims Against Defendant Survive His Death and is now Held by His Spouse

While Rule 25(a)(1) permits substitution upon death if "the claim is not thereby extinguished," the Rule itself does not determine whether the specific claim is extinguished upon death of a party. Fed. R. Civ. P. 25(a)(1). Rather, "[w]hether a claim survives or is 'extinguished' upon the death of a party is determined by 'the nature of the cause of action for which the suit is brought.'" *U.S. ex rel. Colucci v. Beth Isr. Med. Ctr.*, 603 F.Supp.2d 677, 680 (S.D.N.Y. 2009) (quoting *Ex parte Schreiber*, 110 U.S. 76, 80, 3 S.Ct. 423, 28 L.Ed. 65 (1884)). "Absent some specific direction by Congress, whether an action created by federal statutory law survives the death of the plaintiff is a matter of federal common law." *Estwick v. U.S. Air Shuttle*, 950 F. Supp. 493, 498 (E.D.N.Y. 1996). "In general, under the federal common law, 'a claim survives a party's death if it is "remedial" rather than "punitive."'" *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (quoting *Matsushita Elec.*, 475 U.S. at 586-87, 106 S. Ct. 1348).

Courts have already performed this analysis and found that TCPA claims are remedial and thus survive the death of a plaintiff. *See Sharp v. Ally Fin., Inc.,* 328 F. Supp. 3d 81, 97–98 (W.D.N.Y. 2018) ("private claim brought pursuant to § 227(b)(3) and § 227(c)(5) of the TCPA is primarily of a "remedial" nature, and thus, it did not extinguish upon Plaintiff's death"); *Parchman v. SLM Corp.,* 896 F.3d 728, 740–41 (6th Cir. 2018)( TCPA claims are remedial and survive a plaintiff's death under federal law); *Krakauer v. Dish Network LLC*, No. 1:14-CV-333, 2019 WL 3002883, at *6 (M.D.N.C. July 10, 2019) ("[TCPA] claims are remedial in nature and do not abate at death.").

### 4. The Motion to Substitute is Timely

Rule 25(a)(1) provides: "If the motion [for substitution] is not made within 90 days after [the death is suggested upon the record] service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). Accordingly, it is well-established that the formal suggestion of death made according to Rule 25(a)(1) triggers the ninety-day period for which the motion to substitute must be made, not the date of death. *See Willis*, 2005 WL 1082757, at *4; *see also Saylor v. Bastedo*, 623 F.2d 230, 237 (2d Cir. 1980) (holding that a Motion for Substitution filed three years after death of the party was not untimely because the time limit began only when the suggestion of death was filed). Where no formal suggestion of death is made according to Rule 25(a)(1), the limitations period is not triggered and courts are free to grant motions to substitute as timely. *Willis*, 2005 WL 1082757, at *4.

No formal notice or statement of death has been filed with this Court regarding Mr. O'Shea's death who passed away on August 11, 2019. Thus, this motion is timely.

For the foregoing reasons, Sharlene O'Shea respectfully requests this Court issue an order substituting herself for her husband in this action.

Dated: January 29, 2021

By: /s/ *Alexis M. Wood*
ALEXIS M. WOOD
**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON
ALEXIS M. WOOD
KAS L. GALLUCCI
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006

*O'Shea v. American Solar Solution, Inc.*, No. 14-cv-0894-L-RBB
JOINT MOTION TO SUBSTITUTE SHARLENE O'SHEA FOR HER LATE SPOUSE AND DECEASED CLASS REPRESENTATIVE KERRY O'SHEA

|   |   |
|---|---|
| Dated: January 29, 2021 | Facsimile: (619) 564-6665<br><br>***Class Counsel***<br><br>By:   s/ *Ken I. Ito*<br>**GREEN SOLAR TECHNOLOGIES, INC.**<br>6400 Laurel Canyon Blvd., Ste. 400<br>North Hollywood, California 91606<br>Telephone: (310) 448-2218<br><br>*Attorneys for Defendant* |

### CERTIFICATION OF APPROVAL OF CONTENT

I, Alexis M. Wood, counsel for Plaintiff, in the above-entitled matter, hereby certify that the required parties have approved and accepted the content of the Joint Motion, and that I have obtained authorization from Ken Ito, counsel for Defendant for his electronic signature on the Joint Motion.

Dated: January 29, 2021         **LAW OFFICES OF RONALD A. MARRON**
                                                By:    s/ *Alexis M. Wood*
                                                         Alexis M. Wood
                                                         *Counsel for Plaintiff and the Class*