**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
ALEXIS M. WOOD (SBN 270200)
*alexis@consumersadvocates.com*
KAS L. GALLUCCI (SBN 288709)
*kas@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665 900

*Class Counsel*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERRY O'SHEA, on behalf of himself and all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>AMERICAN SOLAR SOLUTION, INC., a California corporation,<br><br>*Defendant.* | CASE NO.: 14-CV-0894-L-RBB<br><br>CLASS ACTION<br><br>**RENEWED JOINT MOTION TO SUBSTITUTE THE ESTATE OF KERRY O'SHEA FOR THE NAMED AND DECEASED CLASS REPRESENTATIVE KERRY O'SHEA** |

## INTRODUCTION AND BACKGROUND

Named Plaintiff and Class Representative, Kerry O'Shea passed away on August 11, 2019. Mr. O'Shea was appointed by the Court to serve as the Class Representative for the following certified class:

> All individuals in the United States who were called by or on behalf of Defendant; using the ViciDial predictive dialer; on a cellular telephone number, between November 22, 2012 and August 22, 2015.

Dkt. No. 88 at p. 9. Mr. O'Shea fulfilled his role, and the parties entered into a settlement agreement with the assistance of Judge Brooks on September 5, 2018. *See* Dkt. No. 158. The settlement was submitted to the Court for preliminary approval on November 30, 2018. *Id*. However, on June 12, 2019, the Court denied the Parties, Joint Motion for Preliminary Approval of Class Action Settlement. *See* Dkt. No 161. Thereafter, Mr. O'Shea died intestate. *See* Dkt. Nos. 163, 163-1.

On January 29, 2021, Sharlene O'Shea, wife and sole beneficiary of the deceased Kerry O'Shea (class representative) and Defendant American Solar Solution, Inc. ("American Solar") filed a Joint Motion to Substitute Sharlene O'Shea for her Late Spouse and Deceased Class Representative Kerry O'Shea. *See* Dkt. No. 163. On February 2, 2021, this Court issued an Order on the Joint Motion noting the Joint Motion's statement that "a substituted party steps into the same position as the original party," but further finding it "unclear whether they are also requesting that Sharlene O'Shea be named class representative…. [and that the Parties] must make a showing that she qualified under Rule 23." *See* Dkt. No. 165 at p. 2. Thus, the Court granted the Joint Motion "insofar as Sharlene O'Shea may substitute into the case as the plaintiff." *Id*. at p. 3. This motion seeks to modify/clarify the Parties' request and amend so that it is clear that it is the Estate of Kerry O'Shea seeking substitution as a party for the named class representative Kerry O'Shea who passed

away on August 11, 2019. Sharlene O'Shea is the sole beneficiary of her late husband's estate. The Estate of Kerry O'Shea is therefore the proper party to substitute as the Class Representative for Kerry O'Shea.

## A. REQUESTED RELIEF

Kerry O'Shea was appointed class representative of this current litigation on March 2, 2017. *See* Dkt. No. 88 at p. 9. Mr. O'Shea passed away since this appointment and, in light of his death, the Estate of Kerry O'Shea, through Sharlene O'Shea, the sole beneficiary of her late husband's estate, brings this motion pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure to substitute the Estate of Kerry O'Shea as Plaintiff and Class Representative for her husband in this action.

## B. STATEMENT OF FACTS

This case involves Defendant's alleged violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by using an automatic telephone dialer to place telemarketing calls to cell phones. Mr. O'Shea received fifteen telemarketing calls from Defendant who placed the calls to Mr. O'Shea's cell phone. There is no record of O'Shea providing express consent, written or otherwise, to receive these calls. Judge Lorenz granted class certification to the following class on March 2, 2017.

> All individuals in the United States who were called by or on behalf of Defendant; using the ViciDial predictive dialer; on a cellular telephone number, between November 22, 2012 and August 22, 2015.

Dkt. No. 88 at p. 9.

Mr. O'Shea passed away intestate on August 11, 2019, in Sausalito, California. *See* Dkt. No. 163-1 (Declaration of Sharlene O'Shea ("O'Shea Decl.")) at ¶ 1. *See also id*. at Ex. A (Certificate of Death for Kerry O'Shea (redacted)). Mr. O'Shea and Sharlene O'Shea have no children, thus all community property,

including the property interest in his claims in this lawsuit which was initiated during his marriage, were left to his wife, Sharlene. *See* Dkt. No. 163-1, O'Shea Decl. at ¶ 3. The Estate of Kerry O'Shea, through Sharlene O'Shea, wishes to continue Mr. O'Shea's claims, as the sole beneficiary of his estate, against Defendant as the Class Representative and will assume all roles and responsibilities of said duties. *Id*. at ¶ 5. As the proper party, the Estate of Kerry O'Shea, through Sharlene O'Shea, the sole beneficiary of her late husband's estate, respectfully requests that the Court allow the Estate of Kerry O'Shea to be substituted as Plaintiff and Class Representative. Defendant joins in this request.

## C. LEGAL AURHORITY FOR SUBSTITUTION

### 1. Rule 25(a)(1) Permits the Substitution of a Party upon Death

Federal Rule of Civil Procedure 25 provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper part[ies]" so that the action may proceed against the proper successor in interest. Fed. R. Civ. P. 25(a)(1); *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). The substituted party then steps into the same position as the original party. *Hilao v. Estate of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996).

The Estate of Kerry O'Shea, through the sole beneficiary Sharlene O'Shea is the proper party for substitution. Moreover, substitution is proper here because, as demonstrated below, Kerry O'Shea's claims under the TCPA are not extinguished upon his death, but instead survive and vest in his spouse, his beneficiary.

### 2. The Estate of Kerry O'Shea, through Sharlene O'Shea, is the Proper Party to be Substituted into the Case as Plaintiff and Class Representative

The proper party for substitution is the person who has the legal right and authority to carry on the claims brought by the deceased party. *See Totten v. Blair*

*Excavators, Inc.*, No. C-03-5030- VRW, 2006 WL 3391439, at *1 (N.D. Cal. Nov. 22, 2006). "'[D]ecedent's successor in interest' means the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action . . . that is the subject of a cause of action." C.C.P. §377.11. A declaration explaining that the successor in interest is the beneficiary of the decedent's estate and has the superior right to be substituted for the decedent is sufficient to establish that such person is the proper party to be substituted. *See Walton v. Channel Star Excursions, Inc.*, No. 2:05-cv-1737-MCE-PAN, 2007 WL 763299, at *5 (E.D. Cal. Mar. 9, 2007); *see also Willis v. Barnhart*, No. C 02-3670 JSW, 2005 WL 1082757, at *4 (N.D. Cal. May 9, 2005) (motion for substitution granted based on declaration explaining that will poured over decedent's property interest to a revocable trust, of which party to be substituted was the trustee).

Sharlene O'Shea, the sole beneficiary of Kerry O'Shea, has submitted a declaration in support of this motion showing that she has the legal and superior right to carry on husband's claims. *See* Dkt. No. 163-1, O'Shea Decl. Sharlene O'Shea has also submitted a copy of her husband's Certificate of Death, further evidencing their marriage and the fact of her husband's death. *See* Dkt. No. 163-1, O'Shea Decl., Ex. A. As the declaration demonstrates, Mr. O'Shea's died intestate in California. When a decedent dies intestate in California, the surviving spouse is entitled the community property belonging of the decedent and, depending on whether the decedent left any surviving issue, parents, a share of the decedent's separate property. *See* Prob. Code, § 6401. California classifies all settlements or awards from lawsuits as community property if the lawsuit was initiated during the marriage. Cal. Fam. Code § 780; *see also In re Marriage of Nassimi*, 3 Cal. App. 5th 667, 207 Cal. Rptr. 3d 764 (2016) as modified (Oct. 14, 2016) (All property acquired by a married person during the marriage while domiciled in California is

community property, including the fruits of both spouses' expenditures of time, talent, and labor.  Cal. Fam. Code § 760.).

Because Mr. O'Shea died without children, Sharlene O'Shea is the sole beneficiary of her husband's estate.  The estate is the legal successor in interest to her husband's claims in this lawsuit, and therefore is the proper party to be substituted in his place.  There is no conflict of interest between the Estate of Kerry O'Shea, through Sharlene O'Shea and other class members. No other person has the superior rights to carry on Mr. O'Shea's claims in this case.

This situation is analogous to the facts in the matter *Est. of Brown v. Consumer L. Assocs., LLC,* wherein the plaintiff sought to substitute the Estate of Kenneth R. Brown as a party for the named class representative Kenneth R. Brown after Kenneth R. Brown had been appointed class representative and the case had settled. No. 11-CV-0194-TOR, 2013 WL 2285368, at *1 (E.D. Wash. May 23, 2013).  The court granted the request to substitute the Estate of Kenneth R. Brown as the named class representative noting that the "substitution of Mr. Brown's estate will not prejudice Defendants and does not give rise to a conflict of interest with other members of the class." *Id*. Similar to the situation here, the Estate of Kenneth R. Brown consisted of Mr. Browns' surviving children and the children were permitted to be substituted in their father's place as the plaintiff and class representative.  *See* Ex. 1.

**3. Kerry O'Shea's Claims Against Defendant Survive His Death and is now Held by His Estate.**

While Rule 25(a)(1) permits substitution upon death if "the claim is not thereby extinguished," the Rule itself does not determine whether the specific claim is extinguished upon death of a party. Fed. R. Civ. P. 25(a)(1). Rather, "[w]hether a claim survives or is 'extinguished' upon the death of a party is determined by 'the nature of the cause of action for which the suit is brought.'" *U.S. ex rel. Colucci v.*

*Beth Isr. Med. Ctr.*, 603 F.Supp.2d 677, 680 (S.D.N.Y. 2009) (quoting *Ex parte Schreiber*, 110 U.S. 76, 80, 3 S.Ct. 423, 28 L.Ed. 65 (1884)). "Absent some specific direction by Congress, whether an action created by federal statutory law survives the death of the plaintiff is a matter of federal common law." *Estwick v. U.S. Air Shuttle*, 950 F. Supp. 493, 498 (E.D.N.Y. 1996). "In general, under the federal common law, 'a claim survives a party's death if it is "remedial" rather than "punitive."'" *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (quoting *Matsushita Elec.*, 475 U.S. at 586-87, 106 S. Ct. 1348).

Courts have already performed this analysis and found that TCPA claims are remedial and thus survive the death of a plaintiff. *See Sharp v. Ally Fin., Inc.,* 328 F. Supp. 3d 81, 97–98 (W.D.N.Y. 2018) ("private claim brought pursuant to § 227(b)(3) and § 227(c)(5) of the TCPA is primarily of a "remedial" nature, and thus, it did not extinguish upon Plaintiff's death"); *Parchman v. SLM Corp.,* 896 F.3d 728, 740–41 (6th Cir. 2018) (TCPA claims are remedial and survive a plaintiff's death under federal law); *Krakauer v. Dish Network LLC*, No. 1:14-CV-333, 2019 WL 3002883, at *6 (M.D. N.C. July 10, 2019) ("[TCPA] claims are remedial in nature and do not abate at death.").

### 4. The Motion to Substitute is Timely

Rule 25(a)(1) provides: "If the motion [for substitution] is not made within 90 days after [the death is suggested upon the record] service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). Accordingly, it is well-established that the formal suggestion of death made according to Rule 25(a)(1) triggers the ninety-day period for which the motion to substitute must be made, not the date of death. *See Willis*, 2005 WL 1082757, at *4; *see also Saylor v. Bastedo*, 623 F.2d 230, 237 (2d Cir. 1980) (holding that a Motion for Substitution filed three years after death of the party was not untimely because

*O'Shea v. American Solar Solution, Inc.,* No. 14-cv-0894-L-RBB
RENEWED JOINT MOTION TO SUBSTITUTE THE ESTATE OF KERRY O'SHEA FOR THE NAMED AND DECEASED CLASS REPRESENTATIVE KERRY O'SHEA

the time limit began only when the suggestion of death was filed). Where no formal suggestion of death is made according to Rule 25(a)(1), the limitations period is not triggered and courts are free to grant motions to substitute as timely. *Willis*, 2005 WL 1082757, at *4. In any event, the motion may not be made later than 90 days after the service of the statement, unless the period is extended. *See A*dvisory Committee's Note to amended Rule 6(b).

Notice regarding Mr. O'Shea's death was provided to this Court on January 29, 2021. Dkt. Nos. 163, 163-1. Thus, this renewed motion is timely.

For the foregoing reasons, the Estate of Kerry O'Shea seeks substitution as Plaintiff and Class Representative and respectfully requests this Court issue an order substituting the Estate of Kerry O'Shea, as the Class Representative for the certified class.

Dated: March 22, 2021

By: /s/ *Alexis M. Wood*
ALEXIS M. WOOD
**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON
ALEXIS M. WOOD
KAS L. GALLUCCI
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

*Class Counsel*

Dated: March 22, 2021

By:   s/ *John M. Eustermann*
**GREEN SOLAR TECHNOLOGIES, INC.**
6400 Laurel Canyon Blvd., Ste. 400
North Hollywood, California 91606

---

*O'Shea v. American Solar Solution, Inc.,* No. 14-cv-0894-L-RBB
RENEWED JOINT MOTION TO SUBSTITUTE THE ESTATE OF KERRY O'SHEA FOR THE NAMED AND DECEASED CLASS REPRESENTATIVE KERRY O'SHEA

Telephone: (310) 448-2218

*Attorneys for Defendant*

## SIGNATURE CERTIFICATION

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to John M. Eustermann, counsel for Defendant, and that I have obtained Mr. Eustermann's authorization to affix his electronic signature to this document."

Dated: March 22, 2021         **LAW OFFICES OF RONALD A. MARRON**
                              By:   <u>s/ Alexis M. Wood</u>
                                    Alexis M. Wood
                                    *Counsel for Plaintiff and the Class*