UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF KERRY O'SHEA, through SHARLENE O'SHEA, on behalf of itself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN SOLAR SOLUTION, INC.,<br><br>Defendant. | Case No.: 14cv894-L-RBB<br><br>**CLASS ACTION**<br><br>**ORDER GRANTING PLAINTIFF'S RENEWED JOINT MOTION TO SUBSTITUTE THE ESTATE OF KERRY O'SHEA FOR THE NAMED AND DECEASED CLASS REPRESENTATIVE KERRY O'SHEA [Doc. 170]** |

Pending in this certified class action alleging violation of the Telephone Consumer Protection Act, 47 U.S.C. § 277 is a Renewed Motion to Substitute the Estate of Kerry O'Shea for the named and Deceased Class Representative Kerry O'Shea.

I. **BACKGROUND**

This case is a class action alleging Defendant American Solar Solution, Inc. ("Defendant") violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, by using an automatic telephone dialer system ("ATDS") to place telemarketing calls to cell phones. Defendant is in the business of selling solar energy equipment to residential and commercial customers. To market its products and services,

Defendant used a ViciDial predictive dialer to contact phone numbers uploaded into the dialer. Defendant purchased these telephone numbers from several different companies that sell lists of phone numbers that connect to members of a population meeting certain demographic criteria. Per Plaintiff's expert's report, Defendant made 897,534 calls to 220,007 different cell phone numbers. Defendant has no evidence indicating any of the alleged call recipients provided prior express consent to receive these calls.

Defendant placed fifteen calls to named Plaintiff Kerry O'Shea's ("Plaintiff") cell phone. Plaintiff was appointed class representative of this litigation on March 2, 2017. (See ECF No. 88 at 9). On the same day, class certification was granted by this Court for the following class:

> All individuals in the United States who were called by or on behalf of Defendant; using the ViciDial predictive dialer; on a cellular telephone number, between November 22, 2012 and August 22, 2015.

[ECF No. 88 at 9.]

Kerry O'Shea passed away intestate on August 11, 2019, in Sausalito, California. (*See* Motion Ex A Certificate of Death for Kerry O'Shea. Sharlene O'Shea is the sole beneficiary of her late husband's estate and brings this motion seeking substitution of the Estate of Kerry O'Shea, through Sharlene O'Shea, as the Class Representative.

II.     **LEGAL STANDARD**

Under Federal Rules of Civil Procedure 25(a)(1) the court may order substitution of the proper party "[i]f a party dies and the claim is not extinguished." Fed.R.Civ.P.25(a)(1). If the court determines that a party has met the requirements of Rule 25, "[t]he substituted party steps into the same position as [the] original party." *Hilao v. Estate of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996). "In deciding a motion to substitute under Rule 25(a)(1), a court must consider whether: (1) the motion is timely; (2) the claims pled are extinguished; and (3) the person being substituted is a proper party." *Smith v. Specialized Loan Servicing, LLC*, 2017 WL 4050344 *2 (S.D. Cal. 2017)(internal citations omitted).

When a party is substituted in a class action, a court must also determine whether the new party meets the typicality and adequacy requirements of Rule 23(a)(3) and (4). *Nunez v. BAE Systems San Diego Ship Repair Inc.*, 292 F.Supp.3d 1018, 1062 (S.D. Cal. Nov. 14, 2017).

III.  **DISCUSSION**

The Court finds that the requirements of Rule 25(a) have been met. First, the motion was timely filed.  Under Rule 25, "[i]f a motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."  Fed.R.Civ.P. 25(a); *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). On January 29, 2021, the parties gave the Court notice of Kerry O'Shea's death when they filed a Joint Motion to Substitute Sharlene O'Shea for her Late Spouse and Deceased Class Representative Kerry O'Shea. (Doc. No. 163).  The Motion was filed at the same time the notice was given to the Court, therefore, Rule 25(a) timeliness requirement was met.  *See* Fed. R. Civ. Pro. 25(a).

Next, substitution may be made by a successor only if the claim is not extinguished by the death of the named party. Fed.R.Civ.P. 25(a)(1). The issue of survivability is a matter of federal law. *Servidone Const. Corp. v. Levine*, 156 F.3d 414 (2nd Cir. 1998); *Wright v. USAA Savings Bank*, 2019 WL 6341174 *1 (E.D.Cal. Nov. 27, 2019).  Courts which have examined the survivability of TCPA claims have determined that because the TCPA is a remedial statute, claims under this statute are not extinguished by a plaintiff's death. *See Sharp v. Ally Financial, Inc.*, 328 F.Supp. 3d 81, 97 (W.D. New York, Sept. 10, 2018)(holding that claims brought pursuant to TCPA did not extinguish upon plaintiff's death because TCPA is primarily remedial in nature); *Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037, 1047 (9th Cir. 2017)("Because the TCPA is a remedial statute intended to protect consumers from unwanted automated telephone calls and messages, it should be construed in accordance with that purpose.")

Finally, the Estate of Kerry O'Shea, through Sharlene O'Shea, is the proper party for substitution.  The Court looks to California law to determine whether a party is proper

for substitution. *Chalfant v. United of Omaha Life Insurance Company*, 2016 WL 4539453 *2 (N.D. Cal. 2016)("Although Rule 25 (a) is a procedural rule dictating the manner by which substitution may occur in federal courts, '[t]he question of who is a proper party... is a substantive issue, for which we must rely upon state law.'") Under California Code of Civil Procedure § 377.11, a "'decedent's successor in interest' means the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action." C.C.P. § 377.11.   A party may demonstrate that a successor in interest is the proper beneficiary by providing a declaration. *Willis v. Barnhart*, 2005 WL 1082757 at *4 (N.D. Cal. May 9, 2005).   "[A]ll property, real or personal, wherever situated, acquired by a married person during the marriage while domiciled in this state is community property."  Cal. Fam. Code § 760; *see also* Cal. Fam. Code § 780 (Settlements or awards from personal injury lawsuits are classified as community property in California if the lawsuit was initiated during the marriage.) The surviving spouse is entitled to his or her share of community property when a decedent dies intestate in California. Cal. Prob. Code § 6401(a).

Sharlene O'Shea filed a declaration in which she states she was legally married to Kerry O'Shea at the time the lawsuit was initiated, and at the time of his passing. (Declaration of Sharlene O'Shea Doc No. 163-1). Kerry O'Shea did not have any children, accordingly, Sharlene O'Shea is the sole beneficiary of the community property interests and is the successor in interest to his claims in the present action.  C.C.P. § 377.11.  Accordingly, Sharlene O'Shea, as the representative of the Estate of Kerry O'Shea, is the proper party to substitute for Kerry O'Shea.

The Court further finds that Sharlene O'Shea, as the representative of the Estate of Kerry O'Shea, meets the typicality and adequacy requirements of Rule 23(a).  The typicality requirement can be met if "the claims or defenses of the representative parties are typical of the claims or defenses of the class." *Castillo v. Bank of America*, *NA*, 980 F.3d 723, 729 (9th Cir. 2020)(citing Fed.R.Civ.P. 23(a)(3)).  "Under the rule's permissive standards, representative claims are 'typical' if they are reasonably co-extensive with

those of absent class members; they need not be substantially identical." *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1020 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stores, Inc., v. Dukes,* 564 U.S. 338 (2011). The Court previously determined that Kerry O'Shea's claims were typical of the entire class, and no substantive changes were made to those claims, therefore the claims meet the typicality requirement if Sharlene O'Shea steps into his position in the action. *See Hilao*, 103 F.3d at 766.

When considering the adequacy of a class representative, the Court must determine whether "the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4). "The proper resolution of this issue requires that two questions be addressed: (a) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (b) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 462 (9th Cir.2000).

Sharlene O'Shea stated in her declaration that she wishes "to proceed with [her] late spouse's claim as the class representative, and will assume all roles and responsibilities of said duties." (Sharlene O'Shea Declaration ¶5.) There is no evidence to suggest that she and her counsel have any conflicts of interest with other class members. The case has been vigorously litigated, with over eighteen settlement related conferences resulting in the pending class action settlement. (Renewed Joint Motion for Prelim. Approval of Amended Class Action Settlement at 5 [Doc No. 171-1.]) There is no indication that substitution of the Estate of Kerry O'Shea through Sharlene O'Shea in place of Kerry O'Shea will change the vigor with which the parties will continue to litigate this case.

Accordingly, the Court finds that Sharlene O'Shea acting through the Estate of Kerry O'Shea satisfies the requirements of both Rule 25(a) and the typicality and adequacy requirements of Rule 23(a).

//

//

IV. **CONCLUSION**

For the foregoing reasons, the Court grants the Motion to Substitute the Estate of Kerry O'Shea for the Named and Deceased Class Representative Kerry O'Shea.

**IT IS SO ORDERED.**

Dated: October 15, 2021

_____
Hon. M. James Lorenz
United States District Judge