UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE ESTATE OF KERRY O'SHEA, on behalf of itself and all others similarly situated., <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN SOLAR SOLUTION, INC. a California corporation, <br><br> Defendant. | Case No. 3:14-cv-00894-L-RBB <br><br> **ORDER DENYING WITHOUT PREJUDICE JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT [Doc. 171]** |

Pending before the Court in this class action alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*. is a joint motion for preliminary approval of class action settlement. The motion is denied without prejudice for the following reasons:

1. The representation in the motion and the proposed class notice that class members will receive $25 in damages for each valid claim is concerning. A realistic estimate of individual class member recovery is relevant to the settlement fairness

determination under Federal Rule of Civil Procedure 23(e); *see In re Bluetooth Headset Prod. Liability Litig.,* 654 F.3d 935, 946 (9th Cir. 2011).

The settlement directs Defendant to set aside $55,000 into an escrow account no later than April 5, 2021, which will be maintained by the Claims Administrator (Agreement §4.01). No later than fourteen days following the Claims Deadline, Defendant will transfer all sums above $55,000 to cover payments on all Approved Claims. *Id.* There is no cap to the fund. From that amount, a potential $200,000 is deducted for attorney's fees, an estimated $125,000 for notice and settlement administration costs, and $15,000 for requested class representative service compensation. Defendant estimates that 220,007 cell phones were called by Defendant during the class period, and one claim may be made for each cell phone number, therefore this is the maximum number of Class Members.

The present class member recovery is on the low end of comparable TCPA settlements. *See Bellows v. NCO Fin. Sys., Inc*., 2008 WL 5458986 *11 (S.D.Cal. July 13, 2009)(TCPA class settlement approved where 29 class member claimants received $70 each); *Knutson v. Schwan's Home Serv. Inc.,* 2014 WL 3519064 at *4-5 (S.D. Cal. July 14, 2014)(TCPA settlement approved entitling each class member to $20 and $80 merchandise voucher); *Gutierrez v. Barclays Grp*., 2012 WL 12541830 (S.D. Cal. Mar. 12, 2012)(TCPA settlement approved for $100 credit or check to approximately 66,000 claimants); *Arthur v. Sallie Mae Inc.,* 2012 WL 4075238 (W.D. Wash. Sept 17, 2012)(TCPA settlement approved where each claiming class member estimated to receive between $20 and $40); *Thomas v. Dun and Bradstreet Credibility Corp.,* 2017 WL 11633508 at *2 (C.D. Cal. March 27, 2014)(TCPA settlement approved where 1,192,555 class members to receive approximately $100 each).

In addition, it is troubling that the Settlement does not distinguish between class members whose cell phones were called once and those that were called multiple times, particularly in light of the requirement that the settlement treat "class members

equitably relative to each other." Fed.R.Civ.P. 23(e)(2)(D). The TCPA provides for recovery "up to $500 in damages for each such violation," which could have led to far greater recovery for individuals who were called multiple times on their cell phones. *See* 47 U.S.C. § 227(c)(5)(B).

The parties engaged in eighteen settlement related conferences with Magistrate Judge Brooks, and during discovery it was revealed that Defendant's business is in financial jeopardy, however, the proposed class member recovery provided in the motion and proposed notice only minimally compensates class members. The parties are directed to revisit the proposed $25 per valid claim damages award.

2.  The proposed class representative award of $15,000 is excessive, particularly in light of the proposed recovery of $25 per valid claim. A district court "must evaluate [incentive] awards individually." *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003). The awards must be evaluated using "relevant factors includ[ing] the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, ... the amount of time and effort the plaintiff expended in pursuing the litigation ... and reasonabl[e] fear[s of] workplace retaliation." *Id*.

Here, Plaintiff's attorney Ronald Marron stated that before his passing, Kerry O'Shea:

> represented and advanced the interests of the Class, including through his assistance in preparing the complaints, staying informed of and approving strategy, attending several settlement conferences, responding to discovery, sitting for deposition, reviewing various motions submitted to the Court, reviewing Orders issued by the Court, and authorizing the negotiation and entry of the Settlement Agreement.

(Marron Dec. at ¶ 40 [Doc. No. 171-2.]).

Though it is undisputed that Kerry O'Shea spent time and effort pursuing this action, the proposed award is high in comparison to the monetary class benefit and to the awards issued in similar cases. See *Thomas*, 2017 WL 11633508 *24 (Awarding

$10,000 class representative fee where individual class members received approximately $100 each in TCPA case); *Franklin*, 2016 WL 402249 *7 (class representative award $1,500 where individual class members received $71.16 each in TCPA case); *Couser v. Comenity Bank*, 125 F.Supp. 3d 1034, 1050 (S.D Cal May 27, 2015) (Incentive award of $1,500 approved in TCPA case where individual class members received $13.75 each). The proposed class representative fee must be revisited in conjunction with the proposed $25 individual claim award.

3. The proposed class long-form notice must be amended for typographical errors, specifically paragraph number eight, titled "What does the Settlement Provide?" on page 3 (Long Form Notice, Ex 3 at 3 [Doc. No. 171-5.])

For the foregoing reasons, the parties' motion for preliminary approval of class action settlement [Doc. 171] is DENIED without prejudice to re-filing after curing the foregoing defects.

**IT IS SO ORDERED.**

Dated: October 25, 2021

_____
Hon. M. James Lorenz
United States District Judge

3